Ruffin, C. J.
 

 Although this is a singular and extremely suspicious transaction, yet the Court thinks the plaintiff gave up his case by admitting, that there was no fraud in fact, and that every thing might be taken in favor of
 
 *194
 
 the deed, which could show, that it was
 
 bona fule.
 
 The debts were all over due at the date of the deed, except two small ones, for which the trustee was liable and and which were to fall due in the course of that year; and as to which, the trustee might sell property when the creditors might require. For the residue of the debts however, there was to be no sale for three years ; and after that there was to be a sale for the satisfaction of the first class of debts, not at the instance of the creditors to whom those debts were owing, but at that of the second class of creditors ; and during all that time, the deed stipulates, that the debtor shall retain the possession. This is a very extraordinary provision, certainly ; and it would seem, that a jury, viewing it as men of common sense, and inferring further from the deed the probability that the maker was insolvent or greatly' embarrassed, would hardly doubt upon the deed itself that it was an object of the deed to provide for the debt or. The Court has often held, that when this is the purpose of a deed, or one of its purposes, it is fraudulent and void under the statute.
 
 Moore
 
 v.
 
 Collins,
 
 3 Dev. 120.
 
 Harper
 
 v.
 
 Irwin,
 
 1 Ired. 490.
 
 Cannon
 
 v.
 
 Peebles,
 
 2 Ire. 449.
 
 4
 
 Ire. 204.
 
 Dewey
 
 v.
 
 Littlejohn,
 
 2 Ire. Eq. 495. An unusual and unicasonable postponement of the sale, the debtor in the meanwhile taking the profits, affords very strong evidence of fraud, in that it denotes a part of the purpose to have been to
 
 secure
 
 a benefit to the insolvent debtor, whereas the purpose ought to have been to devote the whole of the property to the satisfaction of the debts. The counsel for the plaintiff contends, that it is such strong evidence of
 
 mala fides,
 
 as to be conclusive : that it is express fraud, and does not admit of explanation. The Court, however, cannot go that far ; as it is quite conceivable, that cases may exist, in which such a provision as this would not be fraudulent. It would not, indeed, be sufficient, that the debts mentioned were just; for it is a fraud not to apply
 
 *195
 
 the debtor’s property to their satisfaction in a reasonable time, but reserve it for his use ; and, certainly, a reservation for three years is startling and
 
 prima facie
 
 for the debtor’s benefit. If the party was insolvent, so that the jury should believe he was aware that the debts could not be paid but by a sale of the property, it is plain the stipulation for a possession for three years would be but a provision for so much longer enjoyment of the property by the debtor : and it would be clearly fraudulent. It is true, that the land might be sold under execution as an equity of redemption. But the remedy derived therefrom by the creditor would be merely illusory in respect to the period of the possession to be enjoyed by the debtor, as in most cases it would take the three years for the creditor to reduce his debt to judgment, make a sale, and, bring an ejectment to trial. Besides, this deed complicates land, negroes, and other chattels together, and in respect to the latter the creditors would have no means of enforcing a sale but the dilatory and expensive remedy in equity. When the debtor merely continues in possession by the sufferance of the trustee and creditors, it affords a presumption of fraud, only as it tends to prove a secret trust for the debtor: and that is capable of being rebutted by evidence of the debtor’s ability to pay his debts, or the power of the creditors to require a sale at any time. But a stipulation in the deed for possession by the debtor, for a long time, is an express trust for him ; whioh might lead to great abuses, if tolerated, and must be
 
 prima facie
 
 fraudulent, unless the period should be so short as to leave it indifferent, whether it was for the convenience of the trustee or the benefit of the estate on the one hand, or, on the other, for the benefit of the debtor. But, notwithstanding these bad appearances, we think, the intent is open to evidence, either direct, or arising out of facts and circumstances ; and it cannot be inferred absolutely, as a dry matter of law, by the Court. There are
 
 *196
 
 several reasons. vv!;y it cannot be done, as is stated in the cases airead}' referred to. Though it be probable, for example, that this deed conveyed all or nearly all of the maker’s property, and that it was not of value sufficient to pay his debts ; yet (hose facts do not appear upon the instrument itself, and therefore could not be assumed by the Court., (hough they might be presumed by a jury. Now, if this person was not insolvent but had other properly amply sufficient to cover all his debts, and these creditors wished to keep their money at interest, and in consequence thereof, the day was deferred at their instance and not that of the debtor, it could not be argued that the deed was void ; for it would work no hindrance to other creditors, who might go against the other property. Again, the defendant might have been able to show, for aught to be seen to the contrary, that in fact the debtor was bestowing his labor, and laying out money of his own or of the second creditors, in making improvements on the estate, which would greatly enhance its value and require the three years to complete. Or it might be, that the debts mentioned in the deed, among which are the two for which the premises were sold, were all the maker owed, and that the deed was made in this form with the privity and full convenience of all the creditors, [n those or other similar cases, which may be supposed, it would be clear, that there was no fraud. For in the one case the debtor was rather serving the creditors, than himself, by7, remaining on the property; and in the other, one 'could not allege covin in a provision, of which he himself was the author. Although, then, as far as the case proceeded at the trial, it might have authorised a verdict for the plaintiff, yet the transaction was susceptible' of explanations, which might have repelled-the suspicion of fraud, and entitled the defendant to the verdict.
 

 Therefore, the judgment must be affirmed.
 

 Per Curiam. Judgment .affirmed.